Cooley, Ch, J.:
The action in the court below was brought by the defendant in error to charge the railroad company for negligently causing the death of Gilbert Campau, the intestate, who was run over by one of the engines of the company within the limits of the city of Detroit. The manner of the death was not disputed, but the company denied all negligence on its part, and also claimed that if the negligence was established on the part of its servants, there was also gross negligence on the part of the intestate which directly contributed to the fatal result. *The following facts were not disputed at the tidal: The place of the fatal accident was on the track of the railroad company between the Grand Trunk Junction and the passenger house in Detroit. There are at this point five parallel tracks side by side, upon some one of which a train passes every few minutes through the day. Streets cross these tracks at intervals, and two cross near where the accident occurred.- Immediately before the accident, a train passed on what was called the south main track, going west. The intestate was on that track, going east, but stepped off to get out *445 of the way of the approaching train, and walked over and across the north main track, but immediately stepped back upon that track again and proceeded towards the city. This was outside the limits of any street and upon lands belonging exclusively to the railroad company and occupied exclusively for its tracks. At this point an approaching train on the north main track might have been seen for a considerable distance. The intestate does not appear to have looked behind him at all; had he done so he would have seen an engine ajrproaching him upon the track he had now stepped upon, and within such close proximity that, according to the testimony of the principal witness for the plaintiff, it struck him before he had taken more than five or six steps on the track.
The plaintiff claimed that the engine was going at the time at a speed forbidden by law to be run at that point, and his witnesses estimated the speed at from twenty-five to thirty-five miles an hour. He also claimed that the persons in charge of the engine were acting recklessly and were ringing no bell and giving no signals. Upon this part of the case, it must, from the verdict, be assumed that the facts were as the plaintiff alleged. But admitting this to bé the ease, the utter want of any foundation for a cause of action on the facts stated, is too plain to render extended remarks necessary or profitable. The decedent had voluntarily placed himself in a position of great danger. He was making a highway of a railway track, where he had no '"'lawful right' to be, and upon which dangerous vehicles were constantly liable to pass. Under such circumstances he was called upon to exercise more than ordinary care and caution to protect himself against danger which was constantly imminent. Instead of this, he seems not to have availed himself of any precaution whatever. A passing train, which would have been likely to prevent the rumbling or the bell of another being heard, rendered the sense of hearing insufficient for his protection, and added to the necessity of looking about him with vigilance. When, under such circumstances, a person places himself upon a railroad track, with an ajrproaching engine in plain sight, and without even taking the precaution of looking behind him, it is impossible, *446 in speaking of his conduct, to characterize it by anything short of recklessness. If the plaintiff can recover in a case like this, it is plain that the negligence of the injured party must be held immaterial in any conceivable case.
We think the court below should have instructed the jury that the plaintiff could not recover. — L. S. & M. S. R. R. Co. v. Miller, 25 Mich., 274; Kelly v. Hendrie, 26 Mich., 255.
The judgment must be reversed, with costs, and new trial ordered.
The other Justices concurred.