### ALONZO LE BARON v. OLIVER C. JOSLIN.

*Contributory negligence.*

In an action for negligent injury the question of defendant's negligence is for the jury and plaintiff has the burden of showing it.

One cannot recover for negligent injury if he himself directly contributed to it by his own negligence. He must show due care on his part.

Error to Clinton. Submitted June 18. Decided July 1.

TRESPASS ON THE CASE for negligent injury. Defendant brings error.

*A. Stout* for plaintiff in error.

*R. Strickland* for defendant in error.

COOLEY, J. Joslin sued Le Baron in case for negligently driving against, overturning and breaking his carriage. The evidence for the plaintiff showed that

in February, 1878, he drove his team and carriage to the county poor-house in Bingham, Clinton county, fastening the team to a hitching post by the side of the road with a short halter strap attached to the head of one of the horses; that he went away leaving the horses so fastened; that while he was gone Le Baron drove along in the road with a team and lumber wagon, and as he was passing the buggy the hub of one wheel of his wagon caught the wheel of plaintiff's carriage, over-turned and broke it. The road was smooth at the place, and there was no difficulty in so driving as to avoid such an encounter. On cross-examination plaintiff admitted that when he got out of his carriage and left it as above stated, he noticed that the hind wheels were out in the road and back to the beaten track, and that his attention was called to the fact that any one driving along in the track might "catch to it."

For the defense evidence was given tending to show that defendant at the time was driving along the road with due care, in the beaten track, the wheels of his wagon running in the ruts made by the use of the road; that the front part of his wagon passed plaintiff's carriage safely, but that before the hind wheels had passed, the plaintiff's horses backed his carriage up into the beaten track and against the defendant's wagon, and that but for their so backing up the collision would not have occurred.

In giving the case to the jury the circuit judge cor-rectly instructed them that whether defendant was guilty of negligence was a question of fact to be passed upon by them, and that the burden of proof was upon the plaintiff to establish the misconduct. But he declined to instruct them that plaintiff must show ordinary care on his own part, and he also refused each of the following instructions:

"If the injury complained of resulted from the fault of the plaintiff, or from the fault of both parties, and without any intentional wrong on the part of the defend-ant, plaintiff cannot recover.

"The plaintiff cannot recover if his fault directly or proximately contributed to the injury.

"If the jury shall find that the plaintiff when he left his buggy standing in or near the track had his attention called to the fact that some one might strike it with a wagon in coming along, and that there was danger in leaving it so exposed, and did not take any precaution to avoid it, he did not use reasonable or proper care, and therefore he cannot recover in this action."

As the judge after refusing the instructions gave a connected charge apparently designed to cover the whole case, he probably overlooked through inadvertence the important bearing the negligence of the plaintiff might have upon the case. It is plain enough that the evidence tended strongly to show that plaintiff's carelessness contributed directly to the injury, and the jury should have had proper instructions to govern their action if they should find that the plaintiff was in fault as well as the defendant. It is a part of the plaintiff's case to show that he acted with due care. *Lake Shore etc. R. R. Co. v. Miller*, 25 Mich., 274. And if the plaintiff as well as the defendant was guilty of negligence directly contributing to the injury of which he complains, the law cannot aid him. *Mich. Cent. R. R. Co. v. Leahey*, 10 Mich., 193; *Detroit etc. R. R. Co. v. Van Steinburg*, 17 Mich., 99; *Davis v. Detroit etc. R. R. Co.*, 20 Mich., 105; *Kelly v. Hendrie*, 26 Mich., 255; *Mich. Cent. R. R. Co. v. Campau*, 35 Mich., 468. This is so well settled in this state by the decisions referred to that it is not likely the circuit judge intended to question or disregard it.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.