MARGARET BRESNAHAN, ADMINISTRATRIX v. MICHIGAN
CENTRAL RAILROAD COMPANY.

*Railway injury to person on the track—Negligence.*

A laborer employed by a contractor who had been engaged by a railroad
company to lay water-pipes along its right of way, in going home,
after his day's work was done, made his way along the tracks to a
point where trains were constantly passing in both directions, and
although there was enough room between the tracks, he was run
over by one train while apparently trying to avoid another. He was
not employed upon the road and might have gone home without
going along the track, but his employment enabled him to know the
locality, the risk and the need of watchfulness to avoid injury.
*Held* that no action would lie for his death.

Error to the Superior Court of Detroit. Submitted October 11. Decided October 31.

CASE. Plaintiff brings error. Affirmed.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*)
for appellant, cited, as cases in point, where the person
injured had a right to be on the premises where he was
hurt: *Ominger v. N. Y. Cent. & H. R. R.* 4 Hun 159; *Good-fellow v. B. H. & E. R. R.* 106 Mass. 461; *Indermaur v.
Dames* L. R. 2 C. P. 311; *Smith v. L. & C. Dock Company* L.
R. 3 C. P. 326; 1 Thomp. Neg. 461; employees of a railroad
company, lawfully using its track, have a right to expect
that the company will conform to its own rules as to giving
signals: *Roll v. Northern Cent. Ry.* 15 Hun 496; *Smedis
v. Brooklyn & R. B. R. R.* 14 N. Y. Weekly Digest 185;
railroad companies are expected to have their track in safe
condition at highway crossings: *Kelly v. Southern Minn.
R. R.* 9 N. W. Rep. 588; *Shaber v. St. Paul Ry. Co.* id. 575.

*Henry Russel* for appellee, cited as similar cases in which
no recovery was permitted: *Donaldson v. Milw. & St.
Paul Ry.* 21 Minn. 293; *Brown v. Milw. & St. Paul*

*Ry.* 22 Minn. 165; *Smith v. Minn. & St. Louis Ry.*
26 Minn. 419; *Mulherrin v. Del., Lack. & W. R. R.* 81
Penn. St. 366; *Moore v. Penn. R. R.* 4 Am. & Eng. R. R.
Cas. 569; *Zimmerman v. Hannibal & St. Joseph R. R.* 2 id.
191: 71 Mo. 476; *Fletcher v. Railroad Co.* 64 Mo. 484.

GRAVES, C. J.   The plaintiff brought this action to charge
the railroad company for causing the death of her intestate
by negligently running over him with one of its engines
between Twentieth and Twenty-first streets, a little east of
Grand Trunk Junction.   The trial judge directed a verdict
for the company and the plaintiff alleged error.

One Brooks had contracted with the defendant to lay.
water-pipe along its right of way from the river to the shops
at Grand Trunk Junction.   In carrying on this job Brooks
had several companies of men at work upon it and the
plaintiff's intestate belonged to one of these parties.   He
was engaged in preparing the ditch a little west of Twenty-
first street.   A box for keeping the tools, and which was
moved from one point to another as convenience suggested,
was standing within the roadway south of the track and near
the fence and between seventy-five and one hundred feet
east of Twenty-first street.   The deceased quit work on the
day in question, March 10, 1880, at six o'clock, and in com-
pany with McCarthy a fellow-laborer started to put his
shovel in the box.   They proceeded down the track until
they had passed Twenty-first street, at which point McCar-
thy was called back.   The deceased went on and deposited
his shovel in the box.   He was then only distant about one
hundred feet from Twenty-first street, but instead of return-
ing to it for the purpose of passing to his home, which
was practicable without going upon the tracks, he went
down the tracks to reach Twentieth street, which was some
seven hundred feet away.   At this place trains were almost
constantly moving; those going west following the south
main track and those going east pursuing the north track.
The deceased fell in with another man and the two followed
the track together.   At this time the Jackson express going

west on the south track rang its bell and started. It had been standing at Twentieth street. About the same time a Grand Trunk train hauled by one of defendant's engines passed east on the north track; the two tracks being about eight feet apart. The trains passed each other about midway between the two streets. The Grand Trunk train was going about eight miles an hour. It was about dusk, but there was nothing to prevent seeing the train with proper attention. There was a space of some eight feet between the south main track and the south side track, and a like space between the north and south main tracks, and between the north main track and the stock-yard track there was another space of fifteen feet. There was no difficulty in finding safe positions. The ground of preference for the track seems to have been that the way to Twentieth street outside the tracks was very muddy. When the Grand Trunk train had passed on to a point about 448 feet east of Twenty-first street and some 300 feet distant from the tool-box, it struck decedent and the man who was with him and ran over them.

The evidence does not explain whether the men were walking on the north track or whether they had stepped upon it from the other just ahead of the Grand Trunk train, but the facts rather point to the probability that they noticed the Jackson train and suddenly changed from the south track to the other side to avoid it and without noticing the approach of the Grand Trunk train. But whatever may be the fact in this respect the effect will be the same. There is no pretense of any wanton or willful conduct on the part of defendant and it is needless to inquire concerning the negligence charged against it. It may be freely admitted for this occasion that it failed to observe and exercise proper care. It does not aid the case. On no view of the facts can it be said that the casualty was not chiefly owing to decedent's own negligence.

The case on its facts is almost identical with that of *Michigan Central R. R. Co. v. Campau* 35 Mich. 468, and in

principle there is no difference, and the observations there of Mr. Justice Cooley are strictly applicable:

"The decedent had voluntarily placed himself in a position of great danger. He was making a highway of a railroad track, where he had no lawful right to be, and upon which dangerous vehicles were constantly liable to pass. Under such circumstances he was called upon to exercise more than ordinary care and caution to protect himself against danger which was constantly imminent. Instead of this, he seems not to have availed himself of any precaution whatever." "If the plaintiff can recover in a case like this, it is plain that the negligence of the injured party must be held immaterial in any conceivable case."

An attempt is made to distinguish the case before us from the case cited on the ground that decedent was a laborer for Brooks who was executing the contract for laying the water-pipe. This was not an employment upon the road nor in connection with the track and there was nothing in the service of decedent which implied any right or privilege to regard the track as a foot-way, and he had no more warrant than any others to travel up and down upon it.

But his employment and the theater of his service may not be disregarded. They made him conversant with the locality, the character and frequency of trains, the necessity for incessant vigilance to avoid injury, and the fact that no one could venture upon the tracks and escape injury without the greatest circumspection. He knew it was dangerous to step upon it without the keenest watchfulness. The present case is therefore quite as strong to say the least as the other against the right of action.

I think the judgment should be affirmed with costs.

The other Justices concurred.