McALLISTER v. THE BURLINGTON & NORTHWESTERN RAIL-
WAY COMPANY.

1. **Railroads:** WALKING ON TRACK: PERSONAL INJURY: NEGLIGENCE:
DUTY OF COMPANY. Where an adult person, in full possession of mind
and senses, for his own convenience, walks upon a railroad track, away
from a crossing, while not technically a trespasser, he is in a place where
he has not been invited, and is guilty of negligence, and he has no right
to demand that persons operating trains shall be on the lookout for him
to save him from injury; but if an engineer should discover him there,
in danger of being run over by the train, it would be his duty to use
reasonable care in trying to avoid the injury.

*Appeal from Des Moines District Court.*

* FRIDAY, SEPTEMBER 19.

THIS is an action for a personal injury which the plaintiff
alleges he received by being run over by one of defendant's
trains. There was a trial by jury, and a verdict and judg-
ment for the plaintiff. Defendant appeals.

*Kelly & Cooper,* for appellant.

*T. J. Trulock* and *J. W. Jones,* for appellee.

ROTHROCK, CH. J.—I. The defendant owns and operates a
narrow guage railroad, running from Burlington to Washing-
ton, in this state. For a few miles out of the city of Burling-
ton it uses the track of the Burlington, Cedar Rapids &
Northern Railroad Company, which is of standard guage. It
is enabled to use this track by a third rail laid in such a man-
ner as to make the proper guage for its engines and cars.
The plaintiff was injured upon this part of the line, and the
evidence leaves the question in doubt as to whether it was a
train of the defendant company, or of the B., C. R. & N.
Co., which inflicted the injury. We think the jury was
warranted, from the evidence, in finding that it was the train

of the defendant, and for the purposes of this opinion this fact will be conceded.

II. At the close of the introduction of the evidence, the defendant moved the court to instruct the jury to return a verdict for the defendant. And again, after the argument of the case, instructions to the same effect were asked. These requests were refused, and, as it is now claimed these rulings of the court were erroneous because there was no evidence authorizing a verdict for the plaintiff, it becomes necessary to set out the facts of the case somewhat in detail. They are as follows:

On the evening of March 6, 1882, the plaintiff started to walk from the city of Burlington to the residence of his father, a distance of about six miles. The public road upon which he traveled crossed the railroad track some two or three miles from the city, and when he reached the crossing, instead of keeping on the public road, he walked along the railroad track for one-half or three-quarters of a mile. The two roads for this distance were close together, and for the greater part of the distance ran parallel. When he reached a point where the roads diverged, he left the railroad track and attempted to reach the highway. The railroad right of way was fenced with a barb wire fence, which was difficult to pass, and the plaintiff went back on the railroad track towards Burlington, intending to leave the railroad at a crossing some distance in that direction. It was after nightfall and, while walking back towards said crossing, a train, consisting of an engine and five cars, which was running at the rate of thirteen to fifteen miles an hour, came down from the north, running in the same direction plaintiff was walking, and struck and ran over him, by which he was severely and permanently injured.

It is conceded that the head-light on the engine was burning, and that it could have been plainly seen for a distance of some 2,000 feet from the point where plaintiff returned to the track and to the place where he was injured; and the wind was

blowing in the direction which the plaintff was traveling. The plaintiff was in full possession of the organs of sight and hearing, and it is not claimed that he was imbecile, or in any manner mentally diseased. The evidence conclusively shows that the engineer and other employes operating the train did not see the plaintiff, and did not know of the accident until the next day. The foregoing is a plain, unvarnished statement of the facts in the case, about which there is no dispute.

We think that it should be held, as matter of law, that the plaintiff has no right of recovery. It is, perhaps, true that, by walking upon a railroad track at points away from public crossings, persons are not technically trespassers. They are not trespassers in the sense that they are liable to actions by the owners of the road. A person who, for pleasure or from curiosity, enters a manufactory, and walks among the machinery and exposes himself to danger, is not a trespasser in a legal sense. But if he does not keep out of the way of the machinery, and is injured, he cannot recover, because he put himself in a place he had no business to be, and his very presence is contributory negligence. So, where an adult person, in full possession of mind and senses, for his own convenience, walks upon a railroad track away from a crossing, he is in a place where he is not invited, and he has no right to demand that the persons operating trains shall be on the lookout to save him from injury.

If we understand the plaintiff, he claims that, because the view was unobstructed, the engineer should have seen him, and avoided injuring him, by some signal, or otherwise. It cannot be denied that the plaintiff was negligent. He permitted a train which was in full view for two thousand feet, and running at a low rate of speed, to run him down and injure him, and at a point where he had no right to be. It is true that, if the engineer had discovered that plaintiff was on the track, and after he saw that the train was so close to him as to be dangerous, he could have avoided the

injury by the exercise of reasonable care, it was his duty to do so. *Morris v. C., B. & Q. R'y Co.*, 45 Iowa, 29.

But as he did not see him, and was ignorant of any danger to the plaintiff, it was not obligatory upon him to look out for him or warn him off. The principles we here announce have been so often promulgated by this and nearly all other courts of last resort in this country that they have become elementary. A citation of the numerous cases would be a work of supererogation, and, in closing this opinion, we cannot better express our views than to repeat the language of the court in the case of *Ill. C. R'y Co. v. Hall*, 72 Ill., 222.

" It is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field; and he who deliberately does so will be presumed to assume the risks of the perils he may encounter. The crossing of a track of a railroad is a different thing. The one is unavoidable, but in the other case he voluntarily assumes to walk amid danger constantly imminent.     *     *     It was shown that trains passed frequently. No prudent man would expose himself on that part of the road, without keeping a constant and vigilant watch for the approach of trains. This appellee did not do.     *     *     If a party will not exercise ordinary care for his personal safety, he ought to bear the consequences that may ensue."

We think the court should have instructed the jury to return a verdict for the defendant.

REVERSED.