WAY, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC
R'Y Co.

1. **Railroads:** INJURY TO PASSENGER: DOUBLE CAUSE OF ACTION IN
ONE COUNT: PROOF OF ONE SUFFICIENT. Plaintiff sued for injuries
to his intestate while riding on defendant's train. He alleged that he
was a passenger at the time, and also that the injury was caused by the
gross negligence of the defendant. But he failed to prove that he was
a passenger, in contemplation of law, as held by this court on a former
appeal; (see 64 Iowa, 51;) but *held* that such proof was not necessary,
because, if defendant was guilty of gross negligence, as alleged, it was
liable, whether he was, legally considered, a passenger or not.

2. ———: INJURY TO PERSON RIDING WITHOUT RIGHT: GROSS NEGLI-
GENCE: WHAT IS. A railroad company is liable, under Code, § 1307, for
the gross negligence of its employes, resulting in injury to a person riding
upon its cars, though without right; as, in this case, one riding upon the
non-transferable commutation ticket of another. And *held* that where
employes perform their duties in handling cars in a manner so unusual
and reckless as to endanger the lives or safety of persons who may be
rightfully in the caboose attached to the train, they are guilty of gross
negligence, though they have no intent to injure any one, and do not
know that any one is in fact in the caboose. [ADAMS, CH. J., *dissenting.*]

3. **Verdict:** CONTRARY TO INSTRUCTIONS: SET ASIDE. The instructions
of the court, whether right or wrong, are the law of the case for the
jury, and if their verdict is contrary to the instructions, when considered
in the light of the evidence, it must be set aside. (See opinion for
example.)

*Appeal from Mahaska Circuit Court.*

THURSDAY, DECEMBER 15.

ACTION for the recovery of damages for injuries sustained
by plaintiff's intestate while traveling on one of defendant's
trains. It is alleged in the petition that the injuries com-
plained of were caused by the gross negligence of defendant's
employes who were in charge of the train, and that they
caused the death of the intestate. There was a verdict and
judgment for plaintiff, and defendant appeals.

*T. S. Wright* and *Lafferty & Morgan*, for appellant.

*John F. Lacey* and *Wm. R. Lacey*, for appellee.

REED, J.—I.   The suit was instituted by the intestate in his life-time.   It was alleged in the petition that he was a passenger on the train at the time of the injury, and that the employes of defendant in charge of the train, while switching, caused the cars to collide violently, whereby he was thrown with great violence against the cupola platform in the caboose in which he was at the time, inflicting the injuries complained of.   On the trial of the issue joined on these allegations, it was proven that the intestate was riding on a commutation ticket which had been issued to another person, and which contained a condition against the assignment thereof, and that the conductor of the train, when he took up the coupons for the fare of the intestate, had no knowledge that he was not the person named in the ticket.   On appeal, it was held by this court that, upon that state of facts, the relation of carrier and passenger was not created between the parties, and consequently that defendant could not be held liable on proof of that slight degree of negligence upon which it would have been chargeable if that relation had existed.   (See *Way v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 51.)   When the cause was remanded, plaintiff filed an amendment to his petition, retaining the allegations of the original petition, and alleging, in addition thereto, that the injury was caused by the gross negligence of the employes in charge of the train.   On the second trial, the proof as to the circumstances under which the intestate was on the train was the same, and counsel for the defendant, by motion to direct a verdict and instructions requested, asked the circuit court to rule that the petition was unproved in its general meaning.   The position of counsel is that, as it was distinctly averred in the petition that the intestate was a passenger on the train at the time of the injury, there could be no recovery without proof of that fact, and consequently, as there could be no pretense under the facts proven, and the former holding of this court, that the relation of carrier and

*Margin note:* 1. RAILROADS: injury to passenger: double cause of action in one count: proof of one sufficient.

passenger existed between the parties at the time of the injury, the court erred in refusing to direct the jury to find for defendant. But we think this position is not maintainable; for, while the defendant would have been liable if intestate had been a passenger, and the injury had been occasioned by but slight negligence on its part, it would also, under the statute, (Code, § 1307,) be liable, even though that relation did not exist, if the injury was caused by the gross negligence or mismanagement of the employes in charge of the train; so that the allegation that he was a passenger was redundant, if plaintiff relied upon the averment of gross negligence, as also was that averment, if he relied upon the allegation that intestate was a passenger. The petition, then, alleges two states of facts, upon either of which defendant would be liable, and some of its averments, while material to one of these, are redundant as to the other. And plaintiff was entitled to recover if he had established either of them, even though he had failed to prove the allegations which as to it were redundant. Possibly he could have been required, upon proper motion, to strike out one of the averments, or to plead the two states of facts in separate counts; but no such motion was made. Very clearly, we think, his right of recovery was not defeated alone by the failure to prove the allegation that the intestate was a passenger at the time of the injury.

II. The train was at Otley when intestate received the injury. The engineer and a brakeman were engaged in switching at the time. The caboose and eleven freight cars were left standing on the main track while a number of cars were being cut out of the train and thrown upon a side track. When this work was done, and the engine and remaining cars were backed up to be coupled to those standing, they struck with such force that the intestate, who was standing in the caboose, was thrown against the corner of the platform of the cupola by the concussion, and sustained the injury complained of.

2. ———: injury to person riding without right: gross negligence: what is.

Neither the engineer nor the brakeman knew that he was in the caboose. The defendant asked the circuit court to instruct the jury that, before they could find for plaintiff, they must find from the evidence that the employes in charge of the train were guilty of negligence so gross as to amount to willfulness, and that a mere failure to exercise ordinary care in handling the train would not be sufficient; but that there must have been such conduct as indicated an intention to handle the train as they did, knowing when they did so that it would result in injury to the deceased. The circuit court refused to give the instructions asked. It told the jury, in effect, however, that, while wilfulness, or an actual intent by defendant's employes to injure the deceased, was not an element of plaintiff's cause of action, yet he would not be entitled to recover unless he had shown that the act which caused the injury was grossly negligent. It also told them that, if the employes who were engaged in moving the train knew, or had reason to believe, that the caboose was occupied, and yet moved it recklessly or negligently, without regard to the safety of those who might be in the caboose, and in such a manner as that injury to them might reasonably be expected as the direct consequence thereof, and deceased was injured thereby, defendant was liable. In so far as the instructions hold that there could not be a recovery, unless it was shown that the act complained of was grossly negligent, they are favorable to defendant, and we need not inquire as to their correctness; and we are of the opinion that the circuit court rightly refused to instruct that an actual intent to inflict an injury must be shown, to entitle the plaintiff to recover. Such intent is not necessarily an element of gross negligence. An act may be committed without any specific intent to injure another, and yet be done with such disregard of the safety of others as to render it grossly negligent.

It may be conceded that, as the intestate was in the caboose without right, defendant owed him no special duty, and that its employes were not bound to ascertain whether he was

there before commencing the work in which they were about to engage. Neither were they required to govern their conduct with reference to the possibility of his being there. But the caboose was liable at any time to be occupied by passengers, and the employes were required to take that fact into account in the performance of their duty, and govern their conduct with reference to it. If they performed the duty in a manner so unusual or reckless as to endanger the lives or safety of persons who might be rightfully in the caboose, they were guilty of negligence; and if, as the direct consequence of such negligence, the deceased was injured, the company is liable, notwithstanding the fact that he was in the caboose without right; for, by the statute referred to above, (Code, § 1307,) it is made liable for "all damages sustained by any person    *    *    *    in consequence of the neglect of agents, or by any mismanagement of engineers or other employes."

III. The circuit court gave the following instruction to the jury: "The mere fact, if it be a fact, that the cars were thrown together with more than usual force, is not of itself sufficient to establish the defendant's negligence; and while it is proper for you, in determining the question of negligence, to take into consideration the force of the collision, yet, though it may have been of unusual force, you are not to presume from this alone that it was the result of carelessness or gross negligence; but the acts of carelessness or negligence must be established by a preponderance of the testimony. If the shock to the caboose was caused by the failure of the engineer or brakeman to properly calculate the weight of the train, the distance to be traveled, or the amount of slack in the train, while honestly endeavoring to make a safe and proper coupling, the plaintiff cannot recover; and it is for you, as reasonable men, to determine from all the evidence whether or not the defendant's employes were guilty of such negligence as, under these instructions, entitles the plaintiff to recover." The clear

*3. VERDICT: contrary to instruction: set aside.*

meaning of this instruction is that plaintiff was not entitled to recover unless he had proven some circumstance, in addition to the fact that the collision was of unusual violence, which tended to show that the engineer or fireman acted negligently in making the coupling. We are clearly of the opinion that the jury disregarded this instruction. We have found in the record no evidence which tended in the slightest degree to show negligence in the operation of the train, except the fact of the violence of the collision; nor have counsel pointed out any such evidence. Indeed, the evidence, aside from that which tended to show that the cars went together with unusual violence, was to the effect that the coupling was made in the usual manner, and that the shock was occasioned by causes which could not be guarded against. We will not inquire whether the instruction is correct or not. It was given as the law of the case, and should have been respected by the jury. A verdict which has been found against the instructions of the court should be set aside, even though the disregarded instructions should be erroneous. Upon the theory adopted by the circuit court on this question, the cause should have been taken from the jury; for, upon that theory, there was nothing for them to pass upon. But, having submitted the question to them, their verdict should have been set aside as contrary to the instruction. The judgment must be

REVERSED.

ADAMS, CH. J., dissents from the holding in the second paragraph of the opinion.

SEEVERS, J., took no part in the determination of the case.