A. G. RICHARDS, Appellant, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellee.

1. **Railroads:** CROSSING: LICENSE: PERSONAL INJURY. Conduct on the part of a railroad company amounting to an invitation or licence to *cross* its tracks at a point where there is no street or public highway is not to be construed as a license to *walk along* its tracks, and one so walking cannot claim of the railroad company the duty of exercising ordinary care in the movement of its trains to prevent his injury, even though said tracks have been habitually so used by the public, and without disapproval on the part of the company.

2. ——— : ——— : ——— : ———. The fact, that the point where one is injured, while so walking upon the railroad company's right of way and between its tracks, is used as a public crossing over said tracks, will not impose upon the railroad company any increase of duty to such person.

3. ——— : ——— : ——— : ——— : CONTRIBUTORY NEGLIGENCE. The plaintiff in going from his home to the post-office, which was situated at a point northeast of the plaintiff's house, and on the east side of said railroad, instead of going east over defendant's tracks at the street crossing to the street on which the post-office was situated, and then going northward to his destination, his most direct route, went east to a point on defendant's right of way, and then turned northward, walking in a space eight feet wide between tracks. Just before plaintiff crossed the west track of the two an engine and caboose passed him going south, and soon after turning north an engine and stock train went south on the east and main track. The distance from plaintiff to where the west track joined the main track was only one thousand feet, and plaintiff knew that on account of the stock train the engine and caboose could only go that distance. He looked back once, and saw the engine and caboose still going south. The engine, however, after drawing the caboose south on the west track for a short distance,

backed on the same track, finally giving the caboose a "kick," pro-
pelling it northward at a speed of ten or twelve miles an hour.
When the plaintiff had gone about five hundred feet, and while
walking near the west track, the caboose struck him, throwing him
violently to the ground in such a manner that one foot was thrown
on a rail and crushed. *Held*, that, conceding the defendant to
have been negligent, the plaintiff was guilty of contributory negli-
gence, and was not entitled to recover damages for the injury sus-
tained.

*Appeal from Chickasaw District Court.*—HON. L. O.
HATCH, Judge.

MONDAY, OCTOBER 27, 1890.

ACTION to recover damages for personal injuries
alleged to have been wrongfully caused by defendant.
After the evidence for plaintiff had been submitted, the
court sustained a motion to instruct the jury to return
a verdict for defendant. A verdict was accordingly
returned, and judgment rendered in favor of defendant.
The plaintiff appeals.

*Springer & Clary*, for appellant.

*Fouke & Lyon* and *Lusk & Bunn*, for appellee.

ROBINSON, J.—Plaintiff received the injuries of
which he complains, in October, 1887, in the town of
Elma. He was at that time nineteen years of age.
While walking near a track of defendant, he was struck
by a caboose, and thrown violently to the ground in
such a manner that one foot was thrown on a rail
and crushed, making amputation of the injured limb
below the knee necessary. Other injuries were also
received. The accident occurred at a point which
was generally used by the inhabitants of Elma as
a crossing, but it was not in a street, nor other duly
established public way. Plaintiff was not in the service
of defendant, but claims that he was rightfully in the
place where he was injured, and that his injuries were
caused solely by carelessness and negligence on the part

of defendant in the manner in which the car was moved, in not providing a person to guard the tracks, in not giving proper warning of danger, and in moving the car at a high rate of speed.

I. A street of Elma, called Busti avenue, extends from north to south, and is intersected on the west side by Main street. The business of the town is largely done on these streets. The main track of defendant crosses Main street from the south a few feet west of Busti avenue, and extends thence in a northerly direction, forming with the avenue an angle of less than thirty degrees. A track, known as the "lead track," leaves the west side of the main track at some distance south of Main street, and extends thence northward, parallel to and about eight feet from the main track, until after it reaches the depot. Several short tracks leave the west side of the lead track north of Main street, and extend in a northwesterly direction, each with the lead track forming an acute angle. Four such tracks leave the lead track between Main street and the south end of the depot platform. There is no street, or other regularly established crossing between Main street and the depot, but the inhabitants of Elma have habitually crossed the tracks in passing from the northern part of Busti avenue to the western part of Main street, at a point just south of the depot platform. Another route extended eastward on Main street to a point between the main and lead tracks, and thence northward between these tracks to the crossing at the south end of the platform already described. The duly established way was along Main street and Busti avenue. The post-office was on the east side of the avenue, at a point northeast of the depot. On the day of the accident, plaintiff started from his home in the west part of the town to go to the post-office. He went eastward along Main street until he had crossed the lead track, and then turned, and walked northward between that and the main track. Just before he reached the lead track, an engine and caboose went south on that track, and were fifteen or twenty paces

**1. Railroads:** crossing: license: personal injury.

south of him when he crossed the track. When he reached a point forty or fifty paces north of Main street, an engine passed him going south on the main line, drawing a stock train. Another engine was switching on a sidetrack west of him. He walked northward between the tracks until near the south end of the depot platform, which is about five hundred feet north of Main street. As he approached that point, his attention was attracted by a boy some distance in front of him, who was trying to warn him of danger by waving his hands ; but the signals were not understood, and plaintiff was struck in the back by the caboose, at the place described, while walking east of, but near to, the lead track. It appears that the engine had drawn the caboose some distance south of Main street on the lead track, and had then backed on the same track, finally giving the caboose a "kick," which propelled it northward until it reached plaintiff at a speed of ten or twelve miles an hour.

The plaintiff contends that he was on the right of way of defendant by invitation ; that he looked southward twice, while walking between the tracks, without discovering any danger; that he had no reason to expect that the engine and caboose which he saw moving south would be moved north ; and that it should not have been moved back as rapidly as it was, without some one in charge of it. The conduct on the part of defendant, which plaintiff claims should be construed as an invitation to the public to use its right of way, or at least as permission to do so, was that it did not forbid the public from crossing the tracks at the south end of the depot platform, nor from walking along its tracks, and it frequently opened the trains on the different tracks so that pedestrians could cross them at the place in question.

It may be conceded that there was evidence which tended to show that the defendant gave to the inhabitants of Elma license to cross its tracks south of the depot platform, and even that it invited them to do so by separating its cars for the purpose of removing

obstructions to travel across the tracks; but there is no evidence to show that it invited people to walk along its tracks. The fact that it did not forbid their doing so cannot be given the force of an invitation. It may be there was evidence of such habitual use of the tracks by the public, which use was known to the employes of defendant, and not disapproved, that the jury would have been authorized to find that plaintiff had an implied license to use the right of way as he did. But, if that be true, defendant was under no obligation to protect plaintiff from harm by taking steps to prevent it, unless it had so acted as to mislead him. It was the duty of defendant not to injure him wantonly or wilfully, but if it had done no act to mislead, and had no reason to anticipate the danger to which plaintiff exposed himself, it owed him no active duty. *Splittorf v. State*, 108 N. Y. 213; 15 N. E. Rep. 322; *Sutton v. Railway Co.*, 66 N. Y. 246; *Nicholson v. Railway Co.*, 41 N. Y. 529; *Barstow v. Railway Co.*, 143 Mass. 535; 10 N. E. Rep. 255; *Sweeny v. Railway Co.*, 10 Allen, 372; *Gaynor v. Railway Co.*, 100 Mass. 214; *Wright v. Railway Co.*, 142 Mass. 299; 7 N. E. Rep. 866; *Hargraves v. Deacon*, 25 Mich. 1; Beach, Contrib. Neg. 55.

II. It is said that plaintiff was injured at that point in the right of way which was used as a crossing

2. THE same.    by invitation of defendant, and, therefore, that it was required to use at least ordinary care to preserve him from injury. It is clear, however, that plaintiff was not injured in consequence of using the crossing on the invitation of defendant, but because he had walked along its track. Had he used the crossing in an ordinary manner, he could not have failed to see the approaching caboose in time to avoid the danger. He failed to discover and avoid the danger because he was using the right of way in a manner not authorized by anything more than a mere license. It is claimed that he was misled by the running of the engine an unnecessary distance south of Main street, and that he had no reason to expect that the caboose would

eventually be pushed northward. It does not appear that the management of the engine and caboose was unreasonable, or contrary to any custom of defendant, upon which plaintiff had a right to rely. It may be that it was wholly unnecessary for defendant to move the engine and car south of Main street, but it had a right to use its property in its own way, so long as it did not interfere with the rights of others, nor violate any duty in doing so. One who enters the yard of a railroad company under a mere license must be held to assume the risk of all dangers which are caused by a natural and proper use of the tracks and trains.

III. It is insisted by appellant that he was rightfully at the place where the accident occurred ; that he used due care to avoid injury; and that defendant was guilty of such negligence as to make it liable for the injuries he received. If it be conceded that defendant was negligent, and violated a duty it owed to plaintiff, it does not follow that he should recover. He left his home just before the accident to visit the post-office. There was no occasion for him to go by way of the depot. After he reached the lead track, the most direct route for him to take was across both tracks to Busti avenue, and north on that until his destination was reached. No good reason for his failure to follow that route is given, and, by taking it, he would have avoided all danger. In going northward from Main street, he could have followed a line midway between the tracks, and have avoided danger from cars on either. He knew that the engine and caboose could go only about one thousand feet south of Main street before reaching the end of the lead track at its connection with the main line, and that they must stop within a few moments after passing him. The stock train moving south on the main line would necessarily suggest that fact to him. He could see everything on both tracks as far south as the end of the lead track. Under these circumstances, it was his duty to carefully observe the trains, especially that on the lead track, or to take such a course between the tracks

*3. contributory negligence.*

as to be beyond the reach of danger from passing cars ; but he failed to do this. He looked back once, and saw that the engine and caboose were going south. He looked again, when within fifteen or twenty steps of the place where he was hurt, as he claims, and failed to see the approaching caboose. But, if he looked south along the lead track at that time, he could not have failed to see the caboose, which must then have been within about one hundred feet of him, and approaching rapidly. The noise made by the stock train running near him would prevent his hearing a train approaching on the lead track, and, for that reason, he was required to use greater diligence in avoiding danger from that direction. It is said that his attention was distracted by the signals given by the boy who tried to warn him of his danger, and, for that reason, he did not discover the approaching car. But the conclusion is irresistible that, had he exercised but a moderate degree of care, he would have discovered and avoided the danger. The fact that the signals of the boy were not compre- hended is an indication that he entertained no thought of danger, and was not on the lookout for it. This court in *McAlister v. Burlington & N. W. Ry. Co.*, 64 Iowa, 398, approved the following declaration of the law : "It is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field ; and he who deliberately does so will be presumed to assume the risks of the perils he may encounter." See, also, *Masser v. Chicago, R. I. & P. Ry. Co.*, 68 Iowa, 604. There are, doubtless, exceptions to the rule thus expressed, as, for example, the case of a person who is on the track in the discharge of a duty. But, as a general rule, it is the duty of a person who voluntarily exposes himself on a railway track to danger from moving trains to be constantly on the alert to discover and avoid the danger. See *McAlister v. Burlington & N. W. Ry. Co.*, *supra ; Murphy v. Chicago, R. I. & P. Ry. Co.*, 45 Iowa, 664 ; *Carlin v. Chicago, R. I. & P. Ry. Co.*, 37 Iowa, 322; *Railway Co. v. Houston*, 95 U. S. 697; *Mahlen v. Lake Shore &*

*M. S. Ry. Co.*, 49 Mich. 585 ; 14 N. W. Rep. 556 ; *Bresnahan v. Railway Co.*, 49 Mich. 410 ; 13 N. W. Rep. 797 ; Patterson Ry. Acc. Law, sec. 199.   The undisputed facts in this case show that the injuries in controversy would not have been received had plaintiff exercised ordinary care to avoid danger.

The court, therefore, acted properly in taking the case from the jury, and its judgment is AFFIRMED.