## CONDRAN v. CHICAGO, M. & ST. P. RY. CO.

### (Circuit Court of Appeals, Eighth Circuit. April 1, 1895.)

### No. 487.

1. RAILROADS—FRAUDULENT EVASION OF FARE—IOWA STATUTE.

One who fraudulently evades the payment of his fare upon a railway train is not a passenger, and the railway company owes him no duty, except to abstain from willful or reckless injury to him; and this rule is not abrogated by the Iowa statute (McClain's Ann. Code, § 2002) providing that railway companies shall be liable for damages sustained by "any person" through negligence of its agents.

2. PRACTICE—APPEAL—MOTION FOR NEW TRIAL.

The overruling of a motion for a new trial cannot be assigned for error. Nor does the making and overruling of such a motion serve to bring before the appellate court any of the grounds assigned for a new trial not otherwise properly saved and assigned as errors.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

This was an action by Margaret Condran, as administratrix of Henry Condran, deceased, against the Chicago, Milwaukee & St. Paul Railway Company to recover damages for the death of the intestate. In the circuit court judgment was rendered for the defendant. Plaintiff brings error.

John Shortley and James G. Day, for plaintiff in error.

Charles B. Keeler, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The case is stated by Judge Shiras, who tried it in the circuit court, in his charge to the jury as follows:

"In the case now on trial before you it appears from the undisputed evidence in the case that on the evening of June 16, 1891, a passenger train on the defendant's line of railway was derailed at or near a bridge crossing the Coon river, not far from the town of Coon Rapids, in this state; that Henry Condran was on the train when it was derailed, and was instantly killed; that the plaintiff is the administratrix of his estate, and that she brings this suit to recover the damages caused to the estate of Henry Condran by his death, claiming that the said Henry Condran was a passenger on defendant's train, and that the derailment of the train, and consequent death of said Henry Condran, was caused by the negligence of the railway company. On part of the defendant it is denied that said Henry Condran was a passenger on the train at the time of the accident, or that the accident was due to negligence in any particular on the part of the company. Under the issues thus presented, the question you are to consider and determine is that touching the relation existing between the railway company and the deceased at the time the accident happened. It is not questioned that he was upon the train, but the point in dispute is whether he occupied the relation of a passenger to the company, so as to impose upon the latter the duties and obligations resting upon a carrier of passengers, and which I have already defined to you. On part of the plaintiff it is claimed that the deceased was in fact a passenger, whether he had paid his fare or not, and upon the part of the defendant it is claimed that the conductor permitted him to remain upon the train without paying his fare, in consequence of the statements made by the deceased; that these statements were untrue; that thereby a fraud was committed by the deceased upon the company, and that the deceased could not, by fraudulent mis-

statements, obtain a free ride upon defendant's train, and then hold the company responsible to him the same as though he was a passenger paying fare. If the deceased in fact had money with him, with which he could have paid his fare, but, instead of paying the same, he intentionally misstated his situation to the conductor, and by false representation induced the latter to allow him to remain on the train, then it could not be said that he was rightfully upon the train, but he would be there in fraud of the rights of the company, and the legal relation of carrier and passenger would not in such case exist between him and the company. The company would then owe him no other duty than not to willfully or recklessly injure him, and, as there is no evidence in this case which would justify you in holding that the accident and consequent death of Henry Condran was due to recklessness or willfulness on part of the company, it follows that in case you find that said Condran fraudulently misstated the facts of his situation to the conductor, and as a consequence was allowed to remain on the train without paying his fare, then your verdict must be for the defendant. On the other hand, if the deceased had in fact paid his fare, or if, being without means, he fairly stated his condition and situation to the conductor, and the latter, in consideration of the statements made him, permitted Condran to remain on the train, then the relation existing between Condran and the company would be that of passenger and carrier."

The only assignments of error which this court can notice are those which challenge the soundness of this charge. The overruling of the motion for a new trial cannot be assigned for error. Nor does the making and overruling of such a motion serve to bring to the attention of this court any of the grounds assigned for a new trial not otherwise properly saved and assigned as errors.

The rule is well settled that where one gets on a passenger train with the deliberate purpose not to pay his fare, and adheres to that purpose, or if, being on the train, and having money with him with which he could pay his fare, he falsely and fraudulently represents to the conductor that he is without means to pay his fare, and by means of such false representations induces the conductor to permit him to remain on the train without paying his fare, the relation of carrier and passenger and the obligations resulting from that relation are not thereby established between him and the company, and the company owes him no other duty than not to willfully or recklessly injure him. Railway Co. v. Brooks, 81 Ill. 250; Railroad Co. v. Michie, 83 Ill. 431; Railway Co. v. Beggs, 85 Ill. 84; Railroad Co. v. Mehlsack, 131 Ill. 64, 22 N. E. 812; McVeety v. Railway Co., 45 Minn. 269, 47 N. W. 809; Robertson v. Railway Co., 22 Barb. 91; Railway Co. v. Nichols, 8 Kan. 505; Prince v. Railroad Co., 64 Tex. 146; Railway Co. v. Campbell, 76 Tex. 175, 13 S. W. 19; Way v. Railway Co., 64 Iowa, 48, 19 N. W. 828; Id., 73 Iowa, 463, 35 N. W. 525. The law will do nothing to stimulate and encourage fraud and dishonesty, and that would be the effect of holding that a railroad company owed to one riding on its train under the conditions named the duties and obligations it owes to a passenger who has honestly paid his fare. Railroad companies are as much entitled to protection against fraud as natural persons. It is a matter of common knowledge, of which the court will take judicial notice, and of which the public are bound to take notice, that railroad passenger trains are operated to carry passengers for hire. They are not eleemosynary agencies. It is equally well known that the authority of a railroad conductor does not extend to the carrying of passengers without the payment of

the regular fare. But, if he had such authority, his assent obtained by the fraudulent means, mentioned would confer no rights. One riding on a train by fraud or stealth, without the payment of fare, takes upon himself all the risk of the ride, and if injured by an accident happening to the train, not due to recklessness or willfulness on the part of the company, he cannot recover. It is contended by counsel for the plaintiff in error that this rule has been modified or abrogated by section 2002 of McClain's Annotated Code of Iowa, which reads as follows:

"Every corporation operating a railway shall be liable for all damages sustained by any person, including employés of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employés of the corporation, and in consequence of the willful wrongs, whether of commission or omission of such agents, engineers or other employés, when such wrongs are in any manner connected with the use and operation of any railway, on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding."

We have examined the Iowa cases to which we were cited by counsel (Rose v. Railroad Co., 39 Iowa, 246; Way v. Railway Co., 64 Iowa, 48, 19 N. W. 828; Id., 73 Iowa, 463, 35 N. W. 525); and, also, the cases of McAllister v. Railway Co., 64 Iowa, 395, 20 N. W. 488; Masser v. Railroad Co., 68 Iowa, 602, 27 N. W. 776; and Richards v. Railway Co., 81 Iowa, 426, 47 N. W. 63,—and, without going into an extended statement or analysis of these cases, we will say that we think they establish the doctrine that this statute has made no modification of the rule as we have stated it, and as it was given to the jury by the learned judge who tried the case in the circuit court. The judgment of the circuit court is affirmed.