JOHN E. GOODRICH v. THE BURLINGTON, CEDAR RAPIDS
& NORTHERN RAILWAY COMPANY, Appellant.

**Contributory Negligence.** A person, in crossing the tracks of a rail-
way company, aid upon a street, is not required to use "extra-
ordinary" care, but only such care as ordinarily careful and pru-
dent persons would have exercised under the circumstances.

SAME.   The degree of care required of one in a dangerous position,
2   is the care which should characterize the action of a person of
ordinary care and diligence, under the same circumstances; and
the amount of care under such rule, varies with the degree of
danger.

**Damages:** PARTIAL DISABILITY.   In an action by a father for injuries
3   to his minor son, not wholly disabling him, an instruction fixing
the measure of damages at the value of his service during his
minority, instead of the "lessened value," is erroneous.

*Appeal from Cedar Rapids Superior Court.*—HON. T.
M. GIBERSON, Judge.

THURSDAY, APRIL 9, 1896.

ACTION to recover damages for personal injuries
sustained by plaintiff's minor son, Garfield Goodrich,
alleged to have been caused, without fault or negli-
gence on the part of said minor, and because of cer-
tain specified acts of negligence on the part of the

defendant. Defendant answered, denying generally, and the case was tried to a jury, and verdict and judgment rendered for the plaintiff, for one thousand, seven hundred and sixty-six dollars and sixty-six cents. Defendant appeals.—*Reversed.*

*Preston, Wheeler & Moffit* and *S. K. Tracy* for appellant.

*Rickel & Crocker* for appellee.

Given, J.—I. On July 11, 1894, the plaintiff's son, then aged fourteen, when crossing one of the defendant's tracks in its switch yard, in Fourth street, in the city of Cedar Rapids, caught his left foot between one of the rails and a guard rail, and before he could extricate his foot, he was run over by cars being moved upon the track, and injured. The issues in dispute are, whether the defendant was guilty of negligence, as charged, whether the son was guilty of negligence, contributing to his injury, and the amount of damages, if any, to be allowed.

The court instructed that plaintiff's son had a right to use Fourth street, where the accident occurred, "at all reasonable and proper times, and in a reasonable and proper manner, and had a right to cross the tracks of defendant's road at any point along said street, while using ordinary care in so doing." Appellant contends that, in going upon the tracks when he did, the plaintiff's son was bound to exercise extraordinary care to avoid injury, and that this instruction is erroneous in holding him to the exercise of ordinary care only. In a previous paragraph, the court instructed as follows: "And in relation to the care required of each party, you will only hold them to the exercise of ordinary care, which consists in doing everything which a

person of ordinary care and diligence would do, and omitting to do everything which a person of like care and diligence would omit.   Ordinary care, however, is no fixed and unalterable standard of care, but is to be determined by the facts in each particular case, and may be in proportion to the character of the act to be done, and. the magnitude and extent of the injury which. may result from the want of proper prudence."   In going where he did, plaintiff's son was bound to exercise greater care ·than in going into a less dangerous place; he was · bound to exercise the care that ordinarily careful, prudent persons would have exercised   under the same circumstances. What would be ordinary care, under one state of circumstances, might not be under another, but still, ordinary care is what is required under either,  Appellant quotes from *McAllister v. Railway Co.*, 64 Iowa, 395 (20 N. W. Rep. 488), to the effect that it is negligence to walk upon the track of a railroad, whether in the street or open field, except at crossings, and that "no prudent man would expose himself on that part of the road without keeping a constant and vigilant watch for the approach of trains."   In addition, it is said, "If a party will not exercise ordinary care for his personal safety, he ought to bear the consequences that may ensue." This case sustains the rule given in the instruction. Appellant also cites *Richards v. Railway Co.*, 81 Iowa, 426 (47 N. W. Rep. 63), holding that, "It is the duty of a person who voluntarily exposes himself on a railway track to danger from moving cars, to be constantly on the alert to discover and avoid danger." To be other than constantly on the alert, under such circumstances, would not be ordinary care.   In the second instruction, asked by the appellant, we find this language:   "And in this case, if you find, from the evidence, that the locality of the accident was at

a place which was dangerous, by reason of the use of cars and vehicles on numerous tracks in said street, then greater care should be required to be used by all parties, as, and for, ordinary care, than would be required at a less dangerous place." The instruction given, is in harmony with that asked, and there was no error in giving it.

II. Appellant complains in a general way that the instructions given, except the seventh, "are too vague and lack explicitness," and in a like manner, complains of the refusal to give the fifth, sixth, seventh, eighth, ninth, tenth and eleventh instructions asked by the defendant. Appellant contends that it is the right of each party to have the jury instructed upon the law of the case clearly, pointedly and specifically. This, we think, was done in this case. The court laid down specifically the law, as it was held to be by the court, upon material issues involved. As to the instructions refused, we think the law, so far as therein correctly expressed, is sufficiently stated in the instructions given, except in one instance. Upon the measure of damage, the court instructed as follows: "In determining the amount of damages, if any, which you may allow plaintiff, you should take into consideration the value of the services of plaintiff's minor son during his minority, and expenses for which the plaintiff became liable, or had paid for medical attendance or nursing, to the extent of the reasonable value thereof, as is shown by the evidence." Appellant asked an instruction as follows, which was refused: "(13) If you find that the plaintiff is entitled to recover, the damages are the lessened pecuniary value of the child's earnings during his minority, and the value of expenses and nursing, if any, shown by the evidence." The instruction given allows "the value of the services of the plaintiff's

minor son during his minority," while that asked allows "the lessened pecuniary value of the child's earnings during his minority."   The evidence shows that, as a result of the injury, Garfield Goodrich's left foot was amputated above the ankle.   He testifies that he was laid up three or four weeks, and then commenced to get around home.   It does not appear that he suffered any other permanent disability than that which results from the loss of his foot, which, surely, will not totally disable him during the years of his minority; yet the measure of damage given by the court, allows to the plaintiff compensation for the services of his son as though he would be totally disabled during minority.   This, we think, was error prejudicial to the defendant.

III.   Appellant moved for a verdict, upon the grounds that it was not proven that the defendant was negligent, as charged, and that it did appear that Garfield Goodrich was guilty of contributory negligence, and now complains of the overruling of said motion.  To consider these questions involves an examination and discussion of the evidence.   As, for the error pointed out, the judgment of the district court must be reversed, and as a retrial may follow, we forbear from any discussion of the evidence upon the questions of negligence.—REVERSED.