### JOHNSON v. CHICAGO, ST. P., M. & O. RY. CO.

#### (Circuit Court, N. D. Iowa, W. D.   June 7, 1899.)

RAILROADS—RIGHT TO FORCE TRESPASSERS FROM TRAIN.

Where one attempting to beat his way persists in boarding a moving train, notwithstanding repeated warnings to desist, and he is finally forced to drop from the car by the brakeman, and receives injuries, the railroad company is not liable.

At close of plaintiff's testimony the question was presented whether there was sufficient evidence to go to the jury, upon which the court ruled as follows.

Hallam & Stevenson, for plaintiff.

Wright, Call & Hubbard, for defendant.

SHIRAS, District Judge.   The question now presented to the court is whether, under the evidence adduced on behalf of the plaintiff, there is any ground upon which the plaintiff is entitled to go to the jury, or, to state the proposition in another form, whether the plaintiff's own testimony does not conclusively show that he is not entitled to a verdict against the defendant company, in which case it becomes the duty of the court to instruct the jury that the verdict

must be for the defendant. According to the plaintiff's testimony, the accident resulting in the personal injury of the plaintiff occurred in the following manner: The plaintiff, being in Sioux City, wished to go southward in search of work. With that end in view, he went to the yards of the defendant company, and crawled through the end door into a stock car, which formed part of a freight train that was about to leave the yards. After this train had proceeded some distance westwardly, a brakeman thereon found the plaintiff on the car, and, on being informed by plaintiff that he wished to go southwardly, he told plaintiff that the train did not go in that direction, and that he must leave the train when it reached the next station, which was Dakota City, distant some six miles or more from Sioux City. Upon reaching that station, the plaintiff left that train, and, finding that it would be some hours before a south-bound train would pass through Dakota City, he determined to return to Sioux City upon a freight train that shortly afterwards went eastward. This train did not stop at Dakota City, but it passed by the station at a slow rate of speed, and when it came along the plaintiff climbed on a ladder on the side of one of the freight cars, where he was discovered by a brakeman on the train, who told him he must get off the train at the next station, to wit, South Sioux City. When this station was reached, the plaintiff got off the ladder upon which he had been riding, and stood on the ground some little distance from the train, until it again started on its journey, when he again climbed upon the ladder, whence he was ordered off by the brakeman. The plaintiff dropped down upon the ground, and then ran back one or two car lengths, and again mounted a ladder on the side of a car, when the brakeman, who had passed back on top of the cars, again ordered him off, and enforced the order by climbing down on the ladder and tramping on plaintiff's fingers, and by kicking plaintiff on the back of the head. Being thus forced off the train, which, according to plaintiff's testimony, was moving rapidly, and possibly at a speed of from 15 to 20 miles an hour, the plaintiff fell upon the ground in such a position that his foot was crushed by the wheels of the train, necessitating an amputation of the leg between the knee and ankle joint. The plaintiff testified that he had not purchased a ticket, and his evidence clearly shows that he was engaged in beating his way along the defendant's railway, without any purpose of paying fare thereon. The relation, therefore, between the parties was not that of passenger and carrier. Condran v. Railway Co., 14 C. C. A. 506, 67 Fed. 522. The evidence shows that the injury to the plaintiff was received by him when he was engaged in an unlawful trespass upon the property of the defendant company, and under circumstances which surely should preclude him from holding the company responsible for the consequences of his own unlawful conduct. I am well aware of the rule that a trespasser is not necessarily placed without the pale of the law, and that he may recover for injuries willfully or recklessly inflicted upon him. Thus it is well established that a railway company cannot be justified in evicting a person from one of its trains when the same is in such rapid motion as to necessarily cause risk to the life or limb of the person evicted, even though he is a trespasser upon the train. The high

regard which, in law, is placed upon the life and limb of a citizen, compels the company to exercise its right to evict a trespasser from its trains in such a manner as not to incur the charge of willful or reckless disregard of the safety of the person evicted; but this rule should not be so applied as to absolve a trespasser from the direct consequences of his own wrongful conduct. The plaintiff's testimony shows that when the employés of the defendant company discovered him on the train after he had wrongfully boarded it at Dakota City, they did not then evict him, but simply warned him that he must leave the train at the next station. When this station was reached, and the train halted thereat, the plaintiff got down from the ladder on which he was riding; but his subsequent conduct clearly shows that he had no intention to obey the proper request of the trainmen, but that it was his purpose to continue on the train in defiance of their instructions, and to circumvent, if possible, their efforts to keep him from again getting on the train, and thus committing a trespass on the property of the defendant company. The plaintiff himself testifies that when he got off the ladder at South Sioux City he remained in close proximity to the train until it again started on its way, when he again mounted the ladder from which he had been warned by the brakeman; and when the latter again ordered him off the train he dropped down uninjured upon the ground, and then ran back one or two car lengths, and again mounted a car ladder, from which the brakeman compelled him to drop by personal violence. The plaintiff's own testimony clearly shows that he voluntarily engaged in a running contest with the brakeman, in which the plaintiff was unlawfully endeavoring to force himself upon the defendant's train, and the brakeman was lawfully endeavoring to prevent the trespass; and to hold that under such circumstances the railway company was a wrongdoer, and for that reason must respond to the plaintiff for the personal injuries he thus brought upon himself, would be a travesty on all proper conceptions of the relative rights of the parties. No rule is better established than the one which holds that where a party, by his own want of proper care, causes or aids in causing an accident and resulting injury to himself, he cannot recover from the other party, although the negligence of the latter was also a proximate cause of the accident. There can be no question, under the facts of this case, that the plaintiff, by his own willful misconduct, aided in bringing about the accident which caused the injury to himself. Notwithstanding the repeated warnings he had received from the brakeman, he persisted in his efforts to get upon the train after it was in motion, and by his own unlawful conduct he brought on the contest with the brakeman, and he is not in any position to assert that he is free from responsibility in the premises. Under the peculiar circumstances of this case, I can see no just ground upon which a verdict against the company can be sustained, and the defendant is therefore entitled to an instruction to the jury to return a verdict in its favor.