EDWARD MABBOTT, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY.

**Railroads:** INJURY TO MAIL CARRIER: *No negligence as matter of law.* Plaintiff, who was a mail carrier, and used a push cart in his work, was accustomed to deliver his mail at the postal car when defendant's train stopped at the depot platform; but the approach to this point being difficult, though not impossible in wet weather, he began to deliver the mail when the train stopped at the water tank. On the night of the accident, as soon as the train stopped at the tank he pushed his cart close

under the mail car, when the train moved, overturning the cart and injuring plaintiff. *Held*, that in the absence of anything to show that anyone in charge of the train had any knowledge of plaintiff's new custom of delivering the mail at the tank, or of his being where he was when the accident occurred, defendant was not liable.

CONTRIBUTORY NEGLIGENCE. It appearing that plaintiff knew that the train stopped at the tank only long enough to take water, and that it often had to move again after stopping before water could be taken, he was guilty of contributory negligence in placing his cart so near the train.

*Held to be for court.* Where the facts relied on in a damage suit as showing contributory negligence are such that only one conclusion can be drawn from them, the question is for the court.

WEAVER, J., takes no part.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, APRIL 12, 1902.

ACTION to recover for personal injuries. At the close of plaintiff's case the trial court directed a verdict for defendant, and from a judgment on such verdict plaintiff appeals.—*Affirmed.*

*J. H. Richard* and *G. D. Thompson* for appellant.

*J. F. Duncombe* and *Hyatt & Hyatt* for appellee.

WATERMAN, J.—Plaintiff was a mail carrier engaged in transferring mails from one railway to another in the city of Webster City, within whose limits the accident complained of occurred. He used a push cart in his work. He was injured by an eastbound train on defendant's road near midnight of the seventh day of July, 1899. He had a heavy load of mail upon his cart, which he pushed so near the train that when it moved unexpectedly the cart was struck and turned over upon plaintiff, and quite serious hurts inflicted. It had been customary to deliver and re-

ceive mail at the postal car after the train stopped at the
depot platform.   But the position of the car of an east-
bound train was such that an approach to it at this place
was difficult, especially in wet weather; and about three weeks
prior to his accident plaintiff began putting mail on and off
the car when the engine stopped to take water at a tank a
short distance west of the depot.   It was at this last men-
tioned place he was hurt.   The engine had pulled up to the
tank and stopped.   Plaintiff wheeled his cart in close to the
train.   For some reason (doubtless because the engine was
not in position to take water where it was first halted) it
was moved forward a few feet, and it was this last move-
ment of the train which caused the accident.   The change in
the place of delivering and receiving the mail was made at
plaintiff's own instance, and for his convenience.   The only
reason he gives for making it is the difficultly of approach
to the car at the usual place.   He could get there, but
not so easily or so readily as at the new place he selected.
It does not appear that any one in charge of the train, or
who had control of its movement, knew that plaintiff was
availing himself of the stop at the water tank to deliver and
receive mail.   While plaintiff was not technically a tres-
passer, yet his rights, and the duty of defendant which arises
from such rights, are not materially different from those
which such a relation would confer or impose.   *McAlister v.
Railroad Co.,* 64 Iowa, 395.   In all the cases where damages
have been awarded for injuries caused by moving railway
trains to persons in proximity to the track, the theory of
liability has been predicated upon the knowledge of the situ-
ation by those who had control of the train.   2 Thompson,
Negligence, sections 1841-1843.   It may be that the en-
gineer and conductor of the train might have learned the
use plaintiff was making of this stop, but that is not enough
to impose liability on the company.

II.   But aside from the matter of defendant's negli-
gence, there is another ground of the motion to direct a

verdict which we think is good and that is that plaintiff's contributory negligence is conclusively shown. The engine had not got into position to take water when plaintiff was hurt. Plaintiff admits that he knew the engine was likely to stop sometimes in a place which would have to be changed before water could be taken. He knew, also, that the train did not stop longer than to enable the engine to get water. So he stood on this occasion with his cart near the track, ready to push in close to the train when it halted, and thus secure all the time possible for his work. As soon as the train stopped, he pushed his cart in so close that it went under the mail car. What he knew might sometimes happen occurred on this night. The engine had to be moved a few feet forward to use the tank. It was this move, as we have already said, that caused the accident. That plaintiff was negligent in placing his cart, as he did, under the edge of the car, is too plain to invite discussion. And the proposition is equally plain that those in charge of the train were not called upon to anticipate any such situation. Even if they knew he was in the habit of delivering and receiving mail while the train stopped for water, they would have had no reason to think he would begin his operations before it had got into position. Appellant's counsel argue that the question of contributory negligence was for the jury, but that is not so unless the facts are such as would authorize different conclusions to be drawn from them. *Vreeland v. Railway Co.*, 92 Iowa, 279; *Sala v. Railway Co.*, 85 Iowa, 678.

The trial court was justified in directing a verdict, and the judgment is AFFIRMED.

WEAVER, J., takes no part.